UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORRIS D. DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> JAMES H. BILLINGTON, *et al.*, <br><br> Defendants. | No. 1:10-cv-00036-RBW |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFF'S OPPOSITIONS TO
DEFENDANTS' TWO MOTIONS TO DISMISS**

Plaintiff Col. Morris Davis respectfully submits this Notice to inform the Court of a decision just issued by the D.C. Circuit, *Navab-Safavi v. Glassman*, No. 09-5388, --- F.3d ---, 2011 WL 691363 (D.C. Cir. Mar. 1, 2011), which is directly relevant to Col. Davis's oppositions to Defendants' two pending motions to dismiss. A copy is attached hereto as Exhibit A.

The decision by the D.C. Circuit affirms the holding of the district court in *Navab-Safavi v. Broadcasting Board of Governors*, 650 F. Supp. 2d 40 (D.D.C. 2009) (Huvelle, J.), a factually similar case that was relied on by Col. Davis in his oppositions to the pending motions. The D.C. Circuit's decision, written by Chief Judge Sentelle, is relevant both to whether Col. Davis has stated a First Amendment claim against Defendants and to whether Defendant Mulhollan is entitled to qualified immunity.

With respect to whether a valid claim has been stated, *Navab-Safavi* makes clear, consistent with prior caselaw, that it would be error for the Court to hold that Col. Davis has not

1

alleged a First Amendment claim arising out of Defendants' actions in terminating him from his position at the Congressional Research Service for writing an Op-Ed in the *Wall Street Journal* and a Letter to the Editor in the *Washington Post*. In *Navab-Safavi*, as in this case, the plaintiff alleged that she was terminated for publicly expressing her opinions on a subject of public concern (the war in Iraq), that she was fired because of that speech and would not have been fired but for that speech, and that the government's interest in maintaining an efficient workplace did not outweigh her First Amendment right to engage in such speech or the public's First Amendment right to receive such information. Ex. A at 2-4, 7. In turn, exactly as in this case, the government claimed that the termination was justified because the plaintiff's speech allegedly compromised the reputation of Voice of America (the government employer at issue there) given its statutory need to be "objective" and "reliable." *Id.* at 7-9. The D.C. Circuit nevertheless concluded that it was "clear" that a First Amendment claim had been stated. *Id.* at 9 ("It is clear by now that under *Pickering*, its precedents and progeny, the district court correctly ruled that appellee's allegations do state a claim for relief."). The Court should reach the same conclusion here.

Although the court in *Navab-Safavi* questioned whether a different result might have obtained were the plaintiff an editor or high-level executive at Voice of America expressing an anti-America message directly at odds with Voice of America's mission to provide pro-America messages, the court made clear that it would be improper to reach that issue at the motion to dismiss stage. *Id.* at 10. In any event, as in *Navab-Safavi*, Col. Davis has alleged that his speech had nothing to do with his responsibilities at CRS and that he had no policymaking or "editorial" authority at CRS over the subject matter discussed in his opinion pieces (the Guantánamo military commissions). *See* Compl. ¶¶ 29-32, 50-51 (Dkt. No. 1). Thus, even though Col. Davis

had an administrative position at CRS, there was no connection between that status and the speech for which he was fired.

*Navab-Safavi* also confirms that Defendant Mulhollan is not entitled to qualified immunity. First, in *Navab-Safavi* the government argued, as it does here, that the law was not clearly established because there was not "a single case" on point holding that an employee's interest in criticizing U.S. foreign policy outweighs the government employer's specific interest in maintaining its reputation as an impartial, credible, and objective source of information. Ex. A at 10-11. The D.C. Circuit rejected that argument as "not sufficient" to prove qualified immunity, *id.* at 10-11, emphasizing that "there is no need that 'the very action in question [have] previously been held unlawful,'" *id.* at 11 (alteration in original) (citation omitted). Instead, the D.C. Circuit concluded that the plaintiff had a clearly established right not to be terminated for publicly expressing her personal views. *Id.* at 11 ("It cannot be gainsaid that a person expressing her viewpoint is exercising an established constitutional right.").

Second, as Col. Davis's briefs argue, *Navab-Safavi* reaffirms that qualified immunity is not available in a *Pickering* case where, as here, it is not "evident from the pleadings" that the employee's "conduct interfered with the performance of the governmental function, including the carrying out of the statutory mandates." *Id.* at 12. Although Defendant Mulhollan, like the *Navab-Safavi* defendants, repeatedly argues that evidence of such harm is not necessary, *see, e.g.*, Mulhollan MTD Mem. at 18-20, 29-30 (Dkt. No. 18-1), and that qualified immunity is "rarely" overcome in *Pickering* balancing cases because they are context-specific, *see, e.g.*, *id.* at 39-41, the D.C. Circuit emphatically rejected that contention, consistent with the clear prior caselaw. Ex. A at 11-12 ("'qualified immunity cannot be based on a 'simple assertion by [appellants] without supporting evidence' of the adverse effect of the speech on [the government

3

function]" (alterations in original) (citations omitted)).  Because, as in *Navab-Safavi*, there is not "evidence in the record" that Col. Davis's speech caused actual harm to CRS or the Library, Defendant Mulhollan is not entitled to qualified immunity.  *Id.* at 12.

Finally, it is also worth noting that in *Navab-Safavi*, the government affirmatively withdrew on appeal its argument that dismissal was appropriate because the plaintiff did not have a right to bring a *Bivens* claim—the same argument made by Defendant Mulhollan here.  *See* Appellants' Brief in *Navab-Safavi* at 7 n.5 ("The BBG Officials have elected not to appeal the portion of the District Court's ruling in which the Court held that a *Bivens* remedy should be recognized in this context.  Therefore, Mrs. Navab-Safavi's motion to dismiss that portion of the appeal is moot.").  Although the government reserved the right to raise that issue later, *id.*, the district court's *Bivens* decision continues to support Col. Davis's argument that, like the plaintiff in *Navab-Safavi*, he has a right to bring a *Bivens* claim.

Col. Davis also files this Notice to inform the Court of a recent factual development.  Defendant Mulhollan, the Director of CRS and Col. Davis's former supervisor, has announced that he will be retiring from CRS in the beginning of April.  *See* Steven Aftergood, *CRS Director's Retirement Renews Old Questions*, Secrecy News (Jan. 24, 2011), http://www.fas.org/blog/secrecy/2011/01/crs_retirement.html.  As a result, Defendants' previous assertion that reinstatement would not be an appropriate or available remedy for Col. Davis because of perceived tensions between Mr. Mulhollan and Col. Davis no longer has any basis.

Dated: March 10, 2011                             Respectfully submitted,

                                                                      /s/ *Aden J. Fine*
                                             Aden J. Fine (D.C. Bar No. 485703)
                                             Benjamin T. Siracusa Hillman
                                             American Civil Liberties Union Foundation
                                             125 Broad Street, 18th Floor

New York, NY 10004
(212) 549-2693

Jameel Jaffer
Alexander A. Abdo
National Security Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-7814

Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar. No. 455377)
American Civil Liberties Union
  of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF