UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MORRIS D. DAVIS,

          Plaintiff,

      v.                        Civil Action No. 1:10-cv-00036-RBW

JAMES BILLINGTON, in his official
capacity as the Librarian of Congress, and
DANIEL P. MULHOLLAN, in his
individual capacity,

          Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE
## OF SUPPLEMENTAL AUTHORITY

Defendants submit the following response to Plaintiff's Notice of Supplemental Authority filed on March 10, 2011 [Docket No. 32]. In the ordinary course, Defendants would not respond to a Notice of Supplemental Authority, but Plaintiff's filing goes significantly beyond merely informing the Court of the D.C. Circuit's recent decision in Navab-Safavi v. Glassman, — F.3d —, 2011 WL 691363 (D.C. Cir. March 1, 2011). Instead, Plaintiff's submission includes almost four pages of substantive argument, suggesting that it should more accurately be characterized as a sur-reply. Moreover, much of that argument is misleading. For the sake of brevity, Defendants limit their response to three points; this response is not intended to be exhaustive or to address all of the inaccuracies in Plaintiff's submission.

First, Plaintiff describes Navab-Safavi as "factually similar" to this case, and argues on that basis that this Court "should reach the same conclusion" as to his claims. Pl.'s Notice at 1-2. Defendants' previous filings explain why both of those assertions are incorrect. See, e.g., Mem. in Supp. of Mot. to Dismiss of Daniel Mulhollan, March 29, 2010, at 15-16 n.8, 31-32 [Docket No. 18] ("Mulhollan Mem."); Mem. in Supp. of Mot. to Dismiss of James Billington, Oct. 19, 2010, at 23-24

[Docket No. 27].  Defendants' analysis in those briefs remains undisturbed by the decision issued

by the D.C. Circuit, which relied on the same allegations of fact as the district court's earlier

decision.

Second, Plaintiff acknowledges but glosses over the D.C. Circuit's suggestion that a different

result might have obtained had the complaint allegations pleaded by the plaintiff in Navab-Safavi

suggested that she held a higher-level position at Voice of America ("VOA"), see Navab-Safavi,

Slip. Op. at 10, and improperly suggests that the court "made clear that it would be improper to reach

that issue at the motion to dismiss stage."  Pl.'s Notice at 2.  Contrary to Plaintiffs' characterization,

the D.C. Circuit's reticence to reach that issue on the pleadings in Navab-Safavi was based on the

factual allegations specific to that case:

> It is not likely that the Board would argue that, for example, a janitor or messenger
> could be discharged for making an anti-American video.  In contrast, it might well
> be that an on-the-air editorialist for VOA or a top executive could be discharged for
> the same conduct.  On the allegations of the complaint, the district court did not err
> in concluding that appellee fell on the side nearer the role of the janitor than the
> editorialist or the executive.

Navab-Safavi, Slip Op. at 10 (emphasis added).  Had the D.C. Circuit intended to articulate an

across-the-board rule, as Plaintiff here suggests, it would not have explicitly cabined its analysis to

"the allegations of the complaint" in concluding that the district court did not err in concluding on

the pleadings that the plaintiff in Navab-Safavi held a position closer to that of a janitor than an

executive within VOA.  See id.

Of course, as Defendants have previously explained, Plaintiff's own complaint allegations

here cannot reasonably be construed to suggest that his role at the Congressional Research Service

("CRS") was anything lower than that of an executive.  See, e.g., Mulhollan Mem. at 21-26.  In

particular, Plaintiff's allegations of fact acknowledge, as they must, that as a CRS Assistant Director,

he "was responsible for supervising and managing approximately 95 employees," and that his "primary responsibilities were to lead, plan, direct, and evaluate the research and analytical activities in the policy areas assigned to his division."  Compl. ¶ 29.  As Defendants previously explained, these allegations do not tell the full story of Plaintiffs' responsibilities or authority at CRS, but they more than suffice to distinguish his role at CRS from that of the plaintiff in Navab-Safavi at VOA.  See Mulhollan Mem. at 31-32.

Third, Plaintiff incorrectly cites both the appellate decision in Navab-Safavi and the procedural posture of the case on appeal to suggest that his Bivens claims against Defendant Mulhollan are not precluded by the Civil Service Reform Act ("CSRA").  Pl.'s Notice at 4.  In particular, Plaintiff states that "the government affirmatively withdrew on appeal its argument that dismissal was appropriate because the plaintiff did not have a right to bring a Bivens claim – the same argument made by Defendant Mulhollan here."  Id.  As a procedural matter, that notion is incorrect; the individual defendants in Navab-Safavi did not appeal that portion of the district court ruling.  Moreover, the defendants' decision not to appeal the district court's ruling as to the availability of a Bivens remedy in Navab-Safavi has no bearing on the viability of Defendant Mulhollan's Bivens preclusion defense here.

Indeed, contrary to Plaintiff's suggestion, neither the D.C. Circuit's decision in Navab-Safavi nor the procedural posture of that case on appeal changes the fact that the district court's holding in Navab-Safavi is inapposite to the Bivens preclusion analysis in this case.  The basis for Defendant Mulhollan's Bivens preclusion argument is that the CSRA constitutes the type of "special factor" under Bush v. Lucas, 462 U.S. 367 (1983), that precludes the judicial creation of a Bivens remedy in this context.  See Mulhollan Mem. at 7-17.  By contrast, the plaintiff in Navab-Safavi was a contract employee and therefore was not subject to the CSRA's statutory scheme; the district court

3

thus concluded that the CSRA had no application there.  Navab-Safavi v. Glassman, 650 F. Supp. 2d 40, 67 n.14 (D.D.C. 2009).  Instead, the district court analyzed the plaintiff's Bivens claims in light of the Contract Disputes Act and the Administrative Procedure Act, finding that neither precluded a Bivens remedy.  As a former CRS employee, however, Plaintiff's Bivens claims are precisely the type of claims governed by the CSRA.  And because the CSRA constitutes a comprehensive remedial scheme held by the Supreme Court to preclude Bivens remedies for alleged violations of First Amendment rights, see, e.g., Bush, 462 U.S. at 390, the creation of such a remedy is precluded in this case.  See Mulhollan Mem. at 7-17.

Dated:  March 23, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney

JENNIFER D. RICKETTS
Branch Director

SUSAN K. RUDY
Assistant Branch Director

 /s/ Christopher R. Hall
CHRISTOPHER R. HALL
DEANNA L. DURRETT
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C.  20530

(202) 514-4778