**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MORRIS D. DAVIS,

    Plaintiff,

        v.                      No. 1:10-cv-00036-RBW

JAMES H. BILLINGTON, *et al.*,

    Defendants.

**PLAINTIFF'S MOTION FOR AN ORDER
SETTING A SCHEDULING CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Civil Rule 16.4, Plaintiff Col. Morris D. Davis respectfully requests that the Court set an initial Scheduling Conference in this case so that this litigation can be conducted promptly now that the Court has denied Defendants' motions to dismiss. Defendants have stated that they oppose this request.

The procedural history of this case demonstrates why a Scheduling Conference should be held promptly. Col. Davis filed the Complaint and a motion for immediate relief against Defendants James H. Billington and Daniel P. Mulhollan on January 8, 2010. Dkt. 1, 2. On January 20, 2010, the Court denied Col. Davis's motion, holding that Col. Davis had a substantial likelihood of success on the merits, but that Col. Davis had not adequately demonstrated that he would suffer irreparable injury absent a preliminary injunction. Dkt. 11.

A Scheduling Conference did not occur, however, because on March 15, 2010, Defendants moved to stay the entire litigation against official-capacity Defendant Billington pending the resolution of Defendant Mulhollan's individual capacity defenses, Dkt. 16, and on

March 29, 2010, Defendant Mulhollan filed a motion to dismiss the claims against him, Dkt. 18.

The Court issued an Order denying the motion to stay on October 14, 2010.  Dkt. 26.  The reasons for the denial were explained in a separate Memorandum Opinion.  Dkt. 35 at 7-12.  Defendant Billington then moved to dismiss the action on October 19, 2010.  Dkt. 27.

The Court denied both motions to dismiss in a Memorandum Opinion dated March 30, 2011, holding that Col. Davis had stated claims against Defendants, that Col. Davis could bring a *Bivens* claim against Defendant Mulhollan, and that Defendant Mulhollan was not entitled to qualified immunity.  Dkt. 35.  An Order to that effect was issued the same day.  Dkt. 34.

Each Defendant then filed an Answer to the Complaint on April 13, 2011.  Dkt. 36, 37.  Defendant Mulhollan also filed a Notice of Appeal of the Court's denial of his claim of qualified immunity.  Dkt. 38.  Defendant Billington has not appealed.

Now that the motions have been resolved, the Court should set a Scheduling Conference as soon as is possible to allow the litigation against Defendant Billington to proceed promptly so as to minimize the ongoing harm to Col. Davis.  There is no good reason for delay:  the motions to dismiss have been denied; Defendant Billington has filed an Answer; and the Court has previously rejected Defendant Billington's attempt to stay litigation against him based on Defendant Mulhollan's individual-capacity defenses (which do not apply to Defendant Billington).  Additional delay would continue to irreparably harm Col. Davis.  Although Col. Davis ultimately found a new job in August 2010—seven months after his termination by Defendants—the salary of that position is less than half of his prior salary, and he still desires reinstatement to his position at the Library of Congress.  For these reasons, the Court should set a Scheduling Conference as soon as is possible to ensure that this litigation can be conducted promptly.

2

Dated: April 29, 2011 Respectfully submitted,

       /s/ *Aden J. Fine*
Aden J. Fine (D.C. Bar No. 485703)
Benjamin T. Siracusa Hillman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2693

Jameel Jaffer
Alexander A. Abdo
National Security Project
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-7814

Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar. No. 455377)
American Civil Liberties Union
  of the Nation's Capital
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
(202) 457-0800

ATTORNEYS FOR PLAINTIFF