**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                            )
MORRIS D. DAVIS,                          )
                                                            )
          Plaintiff,                              )
                                                            )
      v.                                               )
                                                            )
JAMES H. BILLINGTON, in his official  )
capacity as the Librarian of Congress,    )  Civil Action No. 10-0036 (RBW)
                                                            )
and                                                      )
                                                            )
DANIEL P. MULHOLLAN, in his individual )
capacity,                                             )
                                                            )
          Defendants.                         )
_____)

**ORDER**

      This case is currently before the Court on the plaintiff's motion for an order setting a scheduling conference, which was filed on April 29, 2011, see generally Plaintiff's Motion for an Order Setting a Scheduling Conference ("Pl.'s Mot."), and is opposed by defendant Billington, see generally Defendant James Billington's Opposition to Plaintiff's Motion for an Order Setting a Scheduling Conference ("Def.'s Opp'n").

      On March 30, 2011, the Court denied the defendants' separate motions to dismiss.[1] Davis v. Billington, et al., Memorandum Opinion, 10-cv-0036, at 41 (D.D.C. March 30, 2011). In seeking dismissal under Federal Rule of Civil Procedure 12, defendant Mulhollan argued that the plaintiff's claims against him should be dismissed on the grounds of qualified immunity, but the Court concluded that the plaintiff had sufficiently alleged facts establishing the violation of two

---

[1] The factual background of this case was set forth in considerable detail in the Court's March 30, 2011 Memorandum Opinion denying the defendants' motions to dismiss. See Davis v. Billington, et al., Memorandum Opinion, 10-cv-0036, at 3-7 (D.D.C. March 30, 2011). The Court will therefore not recount that background again here.

1

clearly established constitutional rights.  See id. at 37-41.  Defendant Mulhollan has since filed a notice of appeal challenging the Court's denial of his motion to dismiss on the basis of qualified immunity.  It is clear that defendant Mulhollan's appeal is permissible under the law, see Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (holding that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment"), and that his appeal has divested this Court of its control over the component of the case now on appeal, see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisidictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  The parties disagree, however, on what defendant Mulhollan's appeal means, or should mean, in regard to the claims and issues over which this Court retains jurisdiction.

      The plaintiff maintains that "the Court should set a [s]cheduling [c]onference as soon as is possible to allow the litigation against [d]efendant Billington to proceed promptly so as to minimize the ongoing harm to [the plaintiff]."  Pl.'s Mot. at 2.  Defendant Billington's arguments in opposition focus on defendant Mulhollan's pending appeal at the District of Columbia Circuit.  See Def.'s Opp'n at 1-2.  He asserts that the Supreme Court has "admonished that [a qualified immunity defense] must be litigated and resolved at the earliest possible opportunity—on appeal if necessary—before discovery takes place.  This principle extends to discovery ostensibly targeted to [defendant] Mulhollan's co-defendant in this action, [defendant Billington]."  Id. at 1 (citing Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1952-54 (2009)).  Defendant Billington further asserts that "[a]llowing the litigation to proceed along separate tracks pending resolution of any appeal on behalf of [defendant] Mulhollan at this stage would undermine the interests of

justice and judicial economy, and would fundamentally compromise [defendant] Mulhollan's qualified immunity defense."  Def.'s Opp'n at 3-4.  He also argues that the "basis for a stay of all discovery in this action pending any appeal by [defendant] Mulhollan is extraordinarily strong, and insofar as discovery should be stayed, there is no utility in holding a Rule 16 scheduling conference."  Id. at 2.  The plaintiff replies that Iqbal did not directly address the question whether discovery must be stayed pending resolution of issues of qualified immunity and merely established a permissive standard regarding the defendant asserting qualified immunity.  Reply in Support of Plaintiff's Motion for an Order Setting a Scheduling Conference ("Pl.'s Reply") at 4.  The plaintiff points to post-Iqbal cases in which courts have held that discovery may go forward as to co-defendants despite a pending appeal of one defendant's qualified immunity defense as proof that Iqbal does not prevent this Court from now proceeding with the claims against defendant Billington.  Id. at 3.  The plaintiff further contends that the issue of whether discovery can proceed against a co-defendant without burdening a defendant asserting qualified immunity is largely mooted where that defendant will be required to participate as a fact witness even if he is ultimately awarded immunity.  Id. at 5.  Finally, the plaintiff asserts that he is "suffering concrete financial harm right now.  He continues to lose a substantial amount of money every day, because his current salary is less than fifty percent of his [Congressional Research Service] salary."  Id. at 8.  For the reasons explained below, the Court agrees with the plaintiff.

In its March 30, 2011 Memorandum Opinion, the Court explained its earlier denial of the defendants' motion to stay this litigation, stating: "the defendants' motion cut too broad a swath in its attempt to stay litigation as to the Library based solely on Mulhollan's alleged right to qualified immunity."  Davis v. Billington, et al., Memorandum Opinion, 10-cv-0036, at 10

3

(D.D.C. March 30, 2011).  It once again seems that defendant Billington's opposition to the plaintiff's motion sweeps too broadly.  While it is true that Iqbal reaffirmed that the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery,'"[2] Iqbal, __ U.S. at __, 129 S. Ct. at 1953 (quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991)), the defendant seeks to do more than free defendant Mulhollan from disruptive discovery, see Def.'s Opp'n at 2 ("Discovery as to [defendant] Mulhollan is already stayed by virtue of his notice of appeal.  Whether [defendant Billington] must move for a stay of discovery or, rather, a stay can be effected without formal motion practice, the issuance of a stay would be the correct outcome here." (internal citations omitted)).  Defendant Billington thus seeks to essentially stop this litigation until the resolution of the pending appeal, which could take a considerable amount of time.  Defendant Billington therefore cannot rely on his co-defendant's appeal as grounds for stalling or delaying the prosecution of this case against him.

Cases cited by the plaintiff support the appropriateness of the course of action being taken by the Court.  For example, in V.S. v. Muhammad, No. 07-cv-0213, 2008 WL 5068877 (E.D.N.Y. Nov. 24, 2008), the court observed that "the plaintiffs' claims against the several defendants 'are so intertwined' that the information relevant to the claims against one party is relevant to the claims against all," id. at *2, and that "from that premise, the movants try to bootstrap an argument that the entire litigation should be suspended while the issue of qualified immunity is considered on appeal," id.  The court declined staying the litigation, however, explaining,

> [i]f the claims on appeal were the only ones in this litigation, the movants' claim [that subjecting them to discovery would irreparably damage their interest in remaining immune from suit] would have some force.  But in light of the fact that

---

[2]  Indeed, the Court previously observed that the defendants' prior motion to stay "cited ample case authority supporting the issuance of a stay of discovery pending resolution of the qualified immunity issue." Davis v. Billington, et al., Memorandum Opinion, 10-cv-0036, at 10 (D.D.C. March 30, 2011).

> the movants will in any event have to participate—whether as parties or as witnesses with discoverable information in the discovery of claims that are not involved in the pending appeals, it is hard to see how the movants will be harmed at all in the absence of a stay, much less harmed irreparably.

Id.  Similarly, in Seeds of Peace Collective v. City of Pittsburgh, Civil Action No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010), three individual-capacity defendants filed a motion to stay discovery pending their appeal of a qualified immunity question, arguing that Iqbal "established that all discovery must be stayed pending the resolution of a motion to dismiss based on qualified immunity."  Id. at *1.  The court concluded that because the defendants would be "required to provide testimony and participate in discovery on the remaining claims even if the Court of Appeal[s] for the Third Circuit holds that they are entitled to qualified immunity," it would be impossible to "shield [them] from the burdens of discovery in [the] case."  Id. at *3.

Here, as the plaintiff's supervisor and, according to the plaintiff, the individual responsible for terminating the plaintiff's employment with the Library of Congress, defendant Mulhollan will be an important witness and will inevitably have to participate in discovery, whether as a party or as witness.  Moreover, as the Court previously noted, "the legal assertions and alleged factual underpinnings of each set of the plaintiff's claims are 'substantively identical,' and . . . both defendants are represented by the same counsel."  Davis v. Billington, et al., Memorandum Opinion, 10-cv-0036, at 11 (D.D.C. March 30, 2011) (internal citation omitted).  It is therefore unlikely that allowing discovery to proceed against defendant Billington would require defendant Mulhollan to "participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to [his] position" as a defendant in this case.  Iqbal, __ U.S. at __, 129 S. Ct. at 1953.  Because the Court has the power and discretion "to control the disposition of causes on its docket with the economy of time and effort for itself, for counsel, and for litigants," Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6

(1998) (quoting <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 1936)), the Court is well within its power to schedule a status conference in this case and proceed toward the resolution of the plaintiff's claims against defendant Billington.  Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion for an Order Setting a Scheduling Conference is **GRANTED**.  It is further

**ORDERED** that the parties, with the exception, of course, of defendant Mulhollan, shall prepare and submit to the Court a joint statement pursuant to Federal Rule of Civil Procedure 26(f) within fourteen days of the entry of this Order.  It is further

**ORDERED** that the parties, again with the exception of defendant Mulhollan, shall appear before the Court for a scheduling conference on July 22, 2011, at 3:00 p.m.

**SO ORDERED** this 6th day of July, 2011.

REGGIE B. WALTON
United States District Judge