## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MORRIS D. DAVIS,

       Plaintiff,

          v.                          No. 1:10-cv-00036-RBW

JAMES H. BILLINGTON, *et al.*,

       Defendants.

## JOINT REPORT PURSUANT TO
## FED. R. CIV. P. 26(f) AND LOCAL RULE 16.3

Pursuant to the Court's July 6, 2011 Order, Plaintiff Morris D. Davis and Defendant

James H. Billington ("the Parties") hereby submit the following Fed. R. Civ. P. 26(f) and Local

Rule 16.3 Joint Report.  As the parties were unable to reach agreement on several of the issues

discussed below, the parties are filing separate proposed scheduling orders, as set forth in LCvR

16.3(d).

## STATEMENT OF THE CASE

Plaintiff's Statement:  Plaintiff Morris D. Davis, the former Chief Prosecutor for the

Department of Defense's Office of Military Commissions, alleges that Defendant James

Billington, the Librarian of Congress, sued in his official capacity, violated his First and Fifth

Amendment rights to free speech and due process by unlawfully terminating him from his

position as an Assistant Director of the Congressional Research Service.  Davis alleges that he

was terminated because he authored an op-ed in the *Wall Street Journal* and a letter to the editor

in the *Washington Post* concerning the Obama Administration's decision to prosecute some

Guantanamo detainees in military commissions and others in federal court.  Defendant Billington filed a motion to dismiss, which the Court denied.

This lawsuit also named Daniel Mulhollan, the now-retired Director of the Congressional Research Service, as a defendant in his individual capacity.  He separately moved to dismiss, and the Court denied that motion.  He has filed an appeal, which is pending.  This Court rejected Defendant Billington's request for a stay of proceedings in this Court pending the outcome of that appeal.

The proposed schedule below relates only to Davis's claims against Defendant Billington.

Defendant Billington's Statement:  Plaintiff challenges the constitutionality of his separation as Assistant Director of the Congressional Research Service ("CRS"), a unit of the Library of Congress that is statutorily charged with providing objective, unbiased, and nonpartisan policy and legal analysis to Members and Committees of Congress.  As one of five Research Division Assistant Directors at CRS, Plaintiff reported directly to individual-capacity Defendant Daniel P. Mulhollan, then Director of CRS, and was responsible for carrying out CRS's mission and ensuring that the almost 100 employees he supervised did so as well.  Defendant Billington submits that Plaintiff breached his duties in November of 2009 when he published two opinion pieces in national newspapers, criticizing current Administration policy and particular political officials on issues related to criminal prosecution of military detainees.  Shortly thereafter, and prior to the conclusion of Plaintiff's one-year probationary period, Plaintiff's actions and conduct were reviewed by Director Mulhollan, who ultimately decided that Plaintiff should not be converted to permanent status but should instead be separated from service at CRS.

Plaintiff now brings claims of unlawful retaliation under the First and Fifth Amendments against both the Librarian of Congress, Dr. James Billington, in his official capacity, and the former director of CRS, Daniel Mulhollan, in his individual capacity.  On March 29, 2010, Defendant Mulhollan moved to dismiss the claims against him in his individual capacity on the grounds that, *inter alia*, Plaintiff's *Bivens* claims against him were precluded by the Civil Service Reform Act, and Defendant Mulhollan is entitled to qualified immunity from suit.  Defendant Billington filed a Motion to Dismiss on October 19, 2010.  On March 30, 2011, however, the Court denied both Motions, and Defendant Mulhollan has since filed an appeal from that decision, which is currently pending.

As an individual defendant, Director Mulhollan faces the potential for an award of damages against him personally should he be found liable at judgment.  Consequently, with his personal assets at stake, any proceedings in this case uniquely and acutely affect his interests. Defendant Billington is mindful of this in filing this Report, as well as the ways in which Defendant Mulhollan's appeal and the progress of litigation as to issues not on appeal in this Court affect the interests of the United States in an efficient and economical discovery process.

## STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES

Plaintiff's Statement:    This case arises under the First and Fifth Amendments to the Constitution of the United States, and is within the district court's jurisdiction under 28 U.S.C. §§ 1331 & 1361.  This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. § 2201 *et seq.*, Rules 57 and 65 of the Federal Rules of Civil Procedure, and its inherent equitable powers.

Defendant Billington's Statement:  Defendant denies that Plaintiff has a cause of action against Defendant Billington and that Plaintiff is entitled to the relief requested or to any other relief.

## LOCAL RULE 16.3 STATEMENTS

**I.   DISPOSITIVE MOTIONS**

For a discussion of whether the parties expect the case to be resolved by summary judgment, see statement VI, below.

Plaintiff's position:  Defendant previously filed a motion to dismiss the Complaint.  The Court denied that motion in an Order dated March 30, 2011 (Dkt. No. 34).  Defendant subsequently filed an Answer to the Complaint on April 13, 2011 (Dkt. No. 36).

Defendant Billington's position:  Defendant Billington intends to move for summary judgment at the appropriate juncture.

**II.   JOINDER/AMENDMENTS TO PLEADINGS**

Plaintiff's position:  Plaintiff does not currently anticipate the need to join any additional parties or to amend the pleadings.  To the extent discovery reveals the need for any such joinder or amendments to the pleadings, Plaintiff believes that the deadline for such actions should be October 22, 2011.  Plaintiff reserves the right to apply for leave of the Court to join additional parties or to amend the pleadings, if it subsequently becomes necessary.

As the case progresses, Plaintiff will endeavor to work with Defendant Billington to narrow the factual and legal issues to the extent possible.

<u>Defendant Billington's position</u>:  It is Defendant Billington's position that whether some of the factual and legal issues can be agreed upon or narrowed will depend to some extent on the outcome of Defendant Mulhollan's appeal.

### III.   MAGISTRATE JUDGE

The Parties agree that the case should not be assigned to a Magistrate Judge for all purposes.

### IV.   SETTLEMENT

<u>Plaintiff's position</u>:  The Parties had initial settlement discussions at the outset of the case.  Although the Parties are not near settlement now, Plaintiff believes that it is worth further exploring the possibility of settlement.

<u>Defendant Billington's position</u>:  Although the parties have engaged in some settlement discussions, Defendant Billington does not believe settlement is likely at this time.

### V.   ALTERNATIVE DISPUTE RESOLUTION

<u>Plaintiff's position</u>:  The Plaintiff believes that mediation before one of the Court's magistrate judges may facilitate a settlement of this matter.

<u>Defendant Billington's position</u>:  Defendant Billington does not believe that ADR is appropriate at this time.

### VI.   SUMMARY JUDGMENT

The Parties believe that this case can likely be resolved by summary judgment.

<u>Plaintiff's additional position</u>:  The Plaintiff proposes that if principal expert reports are submitted, any such motions shall be filed by March 9, 2012, and that if no principal expert reports are submitted, any such motions shall be filed by January 31, 2012.

Opposition briefs shall be due three weeks after the filing of any summary judgment

motion, and reply briefs shall be due two weeks after the filing of Opposition briefs.

Pursuant to the Local Rule's request for "proposed dates for a decision on the motions,"

Plaintiff proposes that a decision on any summary judgment motion be rendered within

two months after briefing is completed to enable the Parties to prepare for trial, if the

matter is not resolved through summary judgment.

Defendant Billington's additional position:  Defendant Billington submits that the matter

can be disposed of on a motion for summary judgment.  Defendant Billington believes,

however, that it is premature to set a briefing schedule for, and date for decision on, any

such motion, pending appeal by Defendant Mulhollan.

## VII.   INITIAL DISCLOSURES

Plaintiff's position:  The Parties agree that if initial disclosures pursuant to Rule 26(a)(1)

are to be made, they should be due on or before September 9, 2011.  The Parties do not

suggest any changes to the scope or form of the disclosures under Rule 26(a)(1).

Defendant Billington's position:  Defendant submits that discovery is inappropriate at

this time and should not commence until resolution of Defendant Mulhollan's appeal.  To

proceed when Defendant Mulhollan's appeal is pending – even if it is only as to

Defendant Billington – would be prejudicial to Defendant Muhollan in light of his

assertion of qualified immunity, and would be highly inefficient, wasting the resources of

all the parties and the Court.  Consequently, Defendant Billington submits that initial

disclosures should be due within 14 days of the resolution of Defendant Mulhollan's

appeal.  Should the Court desire to set a date that precedes the resolution of Defendant

Mulhollan's appeal, then Defendant Billington respectfully requests that the parties be

required to provide initial disclosures pursuant to Rule 26(a)(1)(A) on or before September 9, 2011.

## VIII.   DISCOVERY

Plaintiff's Position:  Plaintiff does not currently anticipate that there will be a need for extensive discovery in this matter.  Nor does Plaintiff currently believe that a Protective Order will be necessary.  In Plaintiff's view, Defendant Billington's position that there should be no discovery disregards the Court's recent order of July 6, 2011 (Dkt. No. 43), and seeks to relitigate issues this Court has already decided.  Plaintiff proposes the following schedule based on an Initial Scheduling Conference date of July 22, 2011:

1.      Deadline for all Rule 26(a) disclosures:  September 9, 2011.

2.      First request for production of documents and first request for interrogatories due on or before:   September 9, 2011.

3.      All fact discovery to be completed by:  December 16, 2011.

4.      Production of principal expert reports, if any, due on or before:  December 16, 2011.

5.      Rebuttal expert reports, if any, due on or before:  January 20, 2012.

6.      Expert depositions completed by:  February 17, 2012.

Defendant Billington's Position:  At this time, Defendant Billington submits that all discovery, including discovery as to Plaintiff's claims against Defendant Billington, should be stayed pending appeal by individual-capacity Defendant Mulhollan.  Should discovery not be stayed as to all parties, Defendant Billington anticipates that there will be need for one or more protective orders to protect against prejudice to individual-capacity Defendant Mulhollan while his appeal remains pending, although it is not

possible to anticipate at this time the precise circumstances that would warrant entry of one or more protective orders.  Further, Defendant Billington notes that discovery would proceed only as to Plaintiff's claims against him and not those against Defendant Mulhollan, and thus it is not possible to propose any comprehensive discovery schedule governing the entire case at this time.

Should discovery be permitted to proceed as to Plaintiff's claims against Defendant Billington, Defendant Billington proposes the following schedule:

1.   Deadline for all Rule 26(a) disclosures:  September 9, 2011.

2.   All fact discovery to be completed by:  March 1, 2012.

3.   Production of principal expert reports, if any, due on or before:  April 2, 2012.

4.   Rebuttal expert reports, if any, due on or before:  May 2, 2012.

5.   Expert depositions completed by:  May 31, 2012.

## IX.   EXPERT DISCOVERY

The Parties agree that there is no need to modify the requirements of Fed. R. Civ. P. 26(a)(2).

Plaintiff's Position:  As indicated in the Discovery section above, principal expert reports, if any, shall be due on or before December 16, 2011, rebuttal expert reports, if any, shall be due on or before January 20, 2012, and expert depositions shall be completed by February 17, 2012.

Defendant Billington's Position:  As indicated above, principal expert reports, if any, shall be due on or before April 2, 2012; rebuttal expert reports, if any, shall be due on or before May 2, 2012; and expert depositions, if any, shall be completed by May 31, 2012.

## X.   CLASS ACTION PROCEDURES

Not applicable.

XI.   **BIFURCATION**

Plaintiff's Position:  Plaintiff submits that bifurcation does not currently appear to be necessary for this case.  Except for discovery as to remedies solely available against Defendant Mulhollan (*i.e.,* money damages), which Plaintiff agrees can be postponed, Plaintiff is unable to discern what discovery should be bifurcated on the grounds that it applies only to the claim against Defendant Mulhollan in his personal capacity.  Plaintiff reserves the right to seek leave of the Court to request bifurcation at a later date, if it becomes appropriate.

Defendant Billington's Position: Defendant Billington submits that if discovery is permitted to proceed as to Plaintiff's claims against him, bifurcation would be necessary for this case in at least two respects.  First, pending individual-capacity Defendant Mulhollan's appeal, discovery related to Plaintiff's claims against Defendant Mulhollan should be bifurcated to the extent practicable.  Second, until there has been a final resolution as to the individual-capacity defenses asserted by Defendant Mulhollan, discovery as to remedies, including the availability of equitable relief and the availability and amount of compensatory and/or punitive damages, if any, should be bifurcated until after the conclusion of litigation as to liability.

XII and XIII.   **PRE-TRIAL CONFERENCE and TRIAL DATE**

Plaintiff's Position:  Plaintiff proposes that the pre-trial conference be held between 30 to 45 days after this Court's ruling on motions for summary judgment, and that the trial date be set at the same time that the pre-trial conference date is set.

<u>Defendant Billington's Position</u>:  Defendant Billington submits that even if discovery is permitted to proceed pending individual-capacity Defendant Mulhollan's appeal, trial should not be set until after the final resolution of such appeal.  Further, no pre-trial conference should be set until after the final resolution of such appeal.  Defendant Billington proposes that upon the resolution of Defendant Mulhollan's appeal, this Court set a status conference during which the parties shall propose a schedule governing dispositive motion briefing and, if necessary, the date for any pre-trial conference.

Dated: July 20, 2011                              Respectfully submitted,

                                        /s/ *Benjamin T. Siracusa Hillman*
                                        Aden J. Fine (D.C. Bar No. 485703)
                                        Benjamin T. Siracusa Hillman
                                        American Civil Liberties Union Foundation
                                        125 Broad Street, 18th Floor
                                        New York, NY 10004
                                        (212) 549-2693

                                        Jameel Jaffer
                                        Alexander A. Abdo
                                        National Security Project
                                        American Civil Liberties Union Foundation
                                        125 Broad Street, 18th Floor
                                        New York, NY 10004
                                        (212) 549-7814

                                        */s/ Arthur B. Spitzer*
                                        Arthur B. Spitzer (D.C. Bar No. 235960)
                                        Frederick V. Mulhauser (D.C. Bar. No. 455377)
                                        American Civil Liberties Union
                                          of the Nation's Capital
                                        1400 20th Street, N.W., Suite 119
                                        Washington, D.C. 20036
                                        (202) 457-0800

                                        ATTORNEYS FOR PLAINTIFF

TONY WEST
Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney

JENNIFER D. RICKETTS
Branch Director

SUSAN K. RUDY
Assistant Branch Director


 _/s/ Christopher R. Hall_
CHRISTOPHER R. HALL
DEANNA L. DURRETT
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C.  20530

(202) 514-4778


ATTORNEYS FOR DEFENDANT BILLINGTON