# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MORRIS D. DAVIS, Plaintiff,<br><br>v.<br><br>JAMES H. BILLINGTON, *et al.*, Defendants. | No. 1:10-cv-00036-RBW |

## JOINT SCHEDULING REPORT PURSUANT TO FRCP RULE 26(F) AND LCvR 16.3

Pursuant to Federal Rule of Civil Procedure 26(f), LCvR 16.3 of the Local Rules, the Court's Order for Initial Scheduling Conference, and this Court's Order of July 10, 2014, all parties to the above-entitled action hereby submit this Joint Scheduling Report.

The parties met and held a thorough discussion about this case addressing all topics in FRCP 26(f) and LCvR 16.3 of the Local Rules on August 1, 2014. In light of the parties' joint agreement on a proposed discovery schedule as set forth below, the parties will also file a joint Motion to cancel the scheduling conference currently set for August 22, 2014.

## Summary of Claims and Status of the Case

The Plaintiff, Morris D. Davis, filed this action on January 8, 2010 against James H. Billington, the Librarian of Congress, in his official capacity, and Daniel P. Mulhollan, the former Director of the Congressional Research Service ("CRS"), in his individual capacity, alleging that the Defendants violated his constitutional rights under the First and Fifth Amendments to the U.S Constitution.  Complaint (ECF No. 1) at ¶¶ 13-14, 78-85.

Following this Court's denial of Defendant Mulhollan's Motion to Dismiss, the United States Court of Appeals for the District of Columbia Circuit reversed this Court's order and this Court thereafter dismissed the Plaintiff's claims against Defendant Mulhollan, leaving only claims against Defendant Billington in his official capacity. See Order of August 2, 2012 (ECF No. 53).

Subsequently, the parties filed Cross-Motions for Summary Judgment; Defendant's Motion was also a renewed Motion to Dismiss.  This Court's Order of June 25, 2014 (ECF No. 107), and the accompanying Memorandum Opinion (ECF No. 108), denied Plaintiff's Motion and denied in part and granted in part Defendant's Motion. The Court denied both parties' Motions for Summary Judgment on Plaintiff's First Amendment claims without prejudice, and granted Defendant's Motion to Dismiss Plaintiff's Fifth Amendment claims. In addition, the Court ruled that Plaintiff is not entitled to back pay or front pay as a matter of law.

1

As a result, Plaintiff's remaining claim in the current posture of the case is a First Amendment claim against Defendant Billington in his official capacity. The parties are prepared to begin discovery in the case.

## Rule 26(f) Topics:

(A)   **Initial Disclosures.** The parties agree that initial disclosures can be streamlined in this case, and suggest a date of September 15, 2014 for disclosure and to begin the discovery period. The parties intend to engage in initial disclosures pursuant to FRCP 26(a)(1)(A)(i)-(ii) on September 15, 2014. The parties agree that disclosures pursuant to FRCP 26(a)(1)(A)(iii) and (iv) are not applicable to the case, and suggest omitting them from initial disclosures.

(B)   **Subjects of Discovery**. Discovery may be needed on subjects including: the Library and CRS' policies and practices as to electronic file management; treatment of other employee speech; personal computer use policy and practice; Plaintiff's official responsibilities; the duties of the Foreign Affairs, Defense, and Trade Division ("FDT") of CRS; whether Plaintiff, in his former capacity as the Assistant Director for FDT, was a key deputy and/or a policy-level, confidential, and/or high-level employee; the impact of Plaintiff's speech on the workplace; the reasonableness of Defendant's predictions of harm from that speech; the availability and suitability of Plaintiff's reinstatement; whether any after-acquired evidence would have led to Plaintiff's separation, non-conversion from probationary to permanent status, or non-selection for a position within CRS for reasons independent of the allegations in Plaintiff's Complaint; and whether other employees have been similarly disciplined.

The parties agree that the bifurcation of the discovery process into fact discovery with the possibility of later expert discovery will assist the parties in ensuring any expert testimony is necessary, based on the facts that arise in the first phase of discovery.  Both phases are included in the parties' proposed schedule.

(C)   **Electronic Disclosure.** The parties agree that there may be a possible need for electronic discovery in this case, some of which overlaps with forensic discovery required by this Court's Order of May 6, 2013 (ECF No. 86), which required Plaintiff to "provide to the Court the media (i.e., the thumb drive and the hard drive) containing any documents or other information maintained in any other format that were created or copied during the plaintiff's employment at the United States Library of Congress and that were subsequently retained or removed from the Library of Congress by the Plaintiff."  The parties agree that electronic files should be produced in searchable (OCR) format, in native format or as PDFs; hard copy discovery may be sent through U.S. mail.

(D)   **Privilege**. Both parties anticipate possible privilege issues: possible privilege issues may include but are not limited to the attorney-client, attorney work product, deliberative process and Speech and Debate privileges.  The parties agree that privilege logs will be produced in standard format, and that both parties are entitled to a claw-back right should privileged documents inadvertently be produced to the other side.

(E)   **Limitations on Discovery.** The parties agree that no further limitations are warranted at this time, other than those contained in the proposed discovery plan below.

(F)   **Other Orders.** The parties agree that no Orders under FRCP 26(c) or FRCP 16 are warranted at this time.

**Additional Rule 16.3 Topics**

      1.      The parties agree, in light of the Court's Order and Memorandum Opinion of June 25, 2014 resolving the parties' then-pending dispositive motions (ECF Nos. 107 and 108), that commencement of discovery should not await the Court's decision on any non-pending dispositive motion.

      Defendant's Further Position:  Defendant submits that the case is likely to be disposed of by dispositive motion.

      2.      The parties agree that no other parties shall be joined or the pleadings amended, and have agreed that the factual and legal issues in the case have been narrowed as set forth above.

      3.      The parties agree that the case should not be assigned to a magistrate judge.

      4.      The parties are continuing to discuss whether there is a realistic possibility of settling the case before discovery commences and for that reason propose that discovery not begin until September 15, 2014.

      5.      The parties propose to notify the Court by October 1, 2014 if they agree that there is a realistic possibility of settlement which would benefit from ADR before discovery.

      6.      The parties believe there is a possibility that the case will be resolved by summary judgment at the appropriate juncture.

      Plaintiff's further position:   Plaintiff submits that the case may be appropriate for summary judgment after full discovery, depending on whether there are issues of credibility and disputed fact for the Court to resolve.

      Defendant's Further Position:  Defendant submits that the case should be resolved in summary judgment.

      7.      The parties have covered the scope of proposed initial disclosures above under FRCP 26(A).

      8.      The parties proposed discovery schedule appears below.  The parties are currently discussing whether a protective order is appropriate in this case.

      9.      The parties agree that expert discovery may be necessary in this case, and propose that a period be set aside for expert disclosures and depositions after the completion of fact discovery, and may be waived by the parties if unnecessary in light of fact discovery.

      10.      The parties agree that LCvR 16.3(10) is inapplicable to this case.

      11.      As noted above, the parties believe it makes sense to bifurcate discovery into fact and expert discovery; at this time, the parties do not believe there will be any cause for bifurcation of any trial.

12    In light of the possibility of renewed motions for summary judgment by one or both parties at the appropriate juncture, the parties propose that the Court issue an Order setting a date for a pretrial conference thirty (30) days following the resolution of any renewed summary judgment motion or motions, or on such date thereafter as is mutually convenient for the Court and the parties.  If neither party files a renewed motion for summary judgment, the parties propose that the Court issue an Order setting a date for a pretrial conference thirty (30) days after being informed that neither party intends to file such a dispositive motion, or on such date thereafter as is mutually convenient for the Court and the parties.

13.    See above answer to # 12.

14.    The parties set forth a proposed discovery plan and related matters below.

## Joint Proposed Discovery Plan

- Motion to join parties, amend the pleadings:          September 15, 2014
- Initial disclosures pursuant to FRCP 26(a)(1)(i)-(ii):     September 15, 2014
- Written discovery begins:                             September 15, 2014
- Beginning of fact deposition period:                  December 1, 2014
- Deadline for exchanging interrogatories/RFPs:         March 2, 2015
- Plaintiff identifies topics of proposed expert testimony:   April 1, 2015
- Defendant identifies topics of proposed expert testimony:   April 8, 2015
- Any remaining requests for admission exchanged:       April 15, 2015
- Completion of fact depositions:                       May 1, 2015
- Parties' expert disclosures under FRCP 26(a)(2)(B):   May 15, 2015
- Rebuttal expert disclosures under FRCP 26(a)(2)(B):   June 1, 2015
- Completion of expert depositions:                     June 15, 2015

**Additional provisions** agreed upon by the parties:

Depositions:
- Each side is entitled to **10** fact depositions of 7 hours each, for a total of 70 hours;
- The parties agree to discuss whether either side may spend more or less than 7 hours on individual deponents and use the remaining time to increase the number of deponents or hours per deponent, but in no event will either side exceed 70 hours of deposition time;
- Should Defendant need to designate more than one person as a 30(b)(6) deponent, these deponents shall count as a single deposition;
- The parties will initially work together to schedule depositions before sending unilateral notices of deposition;
- Each side is entitled to **2** expert depositions of 7 hours each, for a total of 14 hours;
- All deposition exhibits will be numbered sequentially for ease of use by both parties.

- The parties agree that each side is entitled to **35** Requests for Admission;
- The parties agree that each side is entitled to **35** Requests for Production;
- The parties agree that each side is entitled to **25** Interrogatories;
- The parties agree that all discovery disputes will be initially discussed by phone call;
- The parties agree that both parties are entitled to claw back inadvertently produced documents subject to claims of privilege.

Respectfully Submitted,

/s/  Lee Rowland
Lee Rowland (*pro hac vice*)
Alexander A. Abdo (*pro hac vice*)
Brian Hauss (*pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

/s/  Arthur B. Spitzer
Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar. No. 455377)
American Civil Liberties Union
  of the Nation's Capital
4301 Connecticut Avenue, N.W., Suite 434
Washington, D.C. 20008
(202) 457-0800

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney

JENNIFER D. RICKETTS
Branch Director

SUSAN K. RUDY
Assistant Branch Director

/s/  Christopher R. Hall
CHRISTOPHER R. HALL
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C.  20530
(202) 514-4778